Gus La Vern **HILLER**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15595.**

United States Court of Appeals
Ninth Circuit.

Jan. 28, 1958.

Writ of Certiorari Denied May 19, 1958.

See 78 S.Ct. 1002.

Gus La Vern Hiller, in pro. per.

Charles P. Moriarty, U. S. Atty., Joseph C. McKinnon, Asst. U. S. Atty., Seattle, Wash., for appellee.

Before MATHEWS, HEALY and LEMMON, Circuit Judges.

MATHEWS, Circuit Judge.

On March 4, 1954, appellant, Gus La Vern Hiller, was indicted in the United States District Court for the Western District of Washington, Northern Division. The indictment was in 15 counts. Appellant pleaded guilty to counts 4 and 9. All the other counts were dismissed. Thereupon, on August 9, 1954, the District Court entered a judgment sentencing appellant on count 4 to be imprisoned for five years and on count 9 to be imprisoned for four years, the sentences to run consecutively. At all times after August 9, 1954, appellant was in custody pursuant to the judgment.

On March 7, 1957, appellant filed in the District Court a motion under 28 U.S.C.A. § 2255 to vacate the sentence on count 9. On May 3, 1957, the District Court, after a hearing, entered an order denying the motion. This appeal is from that order.

The stated grounds of the motion were, in substance, that counts 4 and 9 charged one and the same offense, and that therefore the District Court was without jurisdiction to sentence appellant on count 9.

Counts 4 and 9 were based on 18 U.S.C.A. § 2422, which provides: "Whoever knowingly persuades, induces, entices, or coerces any woman or girl to go from one place to another in interstate or foreign commerce * * * with the intent and purpose on the part of such person that such woman or girl shall engage in the practice of prostitution or debauchery, * * * and thereby knowingly causes such woman or girl to go and to be carried or transported as a passenger upon the line or route of any common carrier or carriers in interstate or foreign commerce, * * * shall be fined not more than $5,000 or imprisoned not more than five years, or both."

Count 4 charged: "That on or about April 29, 1952, [appellant] did knowingly, willfully and unlawfully persuade, induce and entice Darlene Oakley, alias Carol Reese, a female to go from the Northern Division of the Western District of Washington to Dillon, Montana, with the intent that the said Darlene Oakley, alias Carol Reese, should engage in the practice of prostitution, and did thereby knowingly cause said Darlene Oakley, alias Carol Reese, to go and be transported as a passenger upon the line and route of a common carrier in interstate commerce. All in violation of [18 U.S.C.A. § 2422]."

Count 9 charged: "That on or about April 29, 1952, [appellant] did knowingly, willfully and unlawfully persuade, induce and entice Sherry Steele, alias Beverly Wilson, a female, to go from the

Northern Division of the Western District of Washington to Nyssa, Oregon, with the intent that the said Sherry Steele, alias Beverly Wilson, should engage in the practice of prostitution, and did thereby cause said Sherry Steele, alias Beverly Wilson, to go and be transported as a passenger upon the line and route of a common carrier in interstate commerce. All in violation of [18 U.S. C.A. § 2422]."

Obviously, counts 4 and 9 charged separate and distinct offenses. There was, therefore, no merit in the motion, nor is there any merit in this appeal.

Order affirmed.